## HAROLD RASEY III *v.* FRANCIE BERGER
### (AC 25933)

DiPentima, Gruendel and West, Js.

Argued September 15—officially released November 1, 2005

*I. David Marder*, with whom, on the brief, was *Patricia Johnson Cardin*, for the appellant (plaintiff).

*Campbell D. Barrett*, with whom, on the brief, was *C. Michael Budlong*, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, Harold Rasey III, appeals from the judgment of the trial court dissolving his marriage to the defendant, Francie Berger. On appeal, the plaintiff claims that the court, in making its financial orders, improperly (1) determined the value of the marital residence and (2) calculated the increase in the equity in the residence. We affirm the judgment of the trial court.

The marriage of the plaintiff and the defendant was dissolved on August 10, 2004. In its memorandum of decision, the court found that the parties had purchased their residence in Ellington in 1992 for $126,500. On the basis of a November, 2001 appraisal submitted by the defendant, the court found that the fair market value of the residence at the time of dissolution was $152,000. The court rejected the plaintiff's May, 2004 appraisal, which estimated the fair market value at $190,000. The court determined that the defendant's appraisal was more reliable because the residence was old, having been built in 1891, and was less attractive than comparable homes that had sold for approximately $190,000. The court stated: "[T]he defendant's appraisal more accurately reflects the reasonable market value at the present time, and although it is now almost three years old, there was no evidence as to market appreciation of a residence of similar age."

The court awarded the residence to the defendant, finding that the plaintiff had made a minimal contribution to the purchase in 1992 and had not contributed to improvements made by the defendant after the parties' separation in July, 2001. In determining that the plaintiff was entitled to $12,750 of the value of the residence, the court stated: "Because it is impossible to determine with precision the parties' contribution to this asset . . . it is equitable to credit the plaintiff for 50 percent of the increase in the equity from the date of purchase

to the date of dissolution . . . ." The court subtracted the purchase price of $126,500 from the fair market value of $152,000 and then divided by two to yield $12,750. The plaintiff then filed this appeal.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Lucas* v. *Lucas*, 88 Conn. App. 246, 252, 869 A.2d 239 (2005).

I

The plaintiff first claims that the court improperly determined the value of the residence. We disagree.

"[A] trial court has broad discretion in determining the value of property. In assessing the value of . . . property . . . the trier arrives at [its] own conclusions by weighing the opinions of the appraisers, the claims of the parties, and his own general knowledge of the elements going to establish value, and then employs the most appropriate method of determining valuation. . . . The trial court has the right to accept so much of

the testimony of the experts and the recognized appraisal methods which they employed as [it] finds applicable; [its] determination is reviewable only if [it] misapplies, overlooks, or gives a wrong or improper effect to any test or consideration which it was [its] duty to regard." (Internal quotation marks omitted.) *Ricciuti* v. *Ricciuti*, 74 Conn. App. 120, 126–27, 810 A.2d 818 (2002), cert. denied, 262 Conn. 946, 815 A.2d 676 (2003).

The court determined that the defendant's appraisal of $152,000 was a more reliable estimate of the value of the residence at the time of dissolution than the plaintiff's appraisal of $190,000 because of the age of the residence and the court's comparison of the residence with other homes that had sold for approximately $190,000. Furthermore, the court noted that there was no evidence of market appreciation for residences of similar age. In accepting the defendant's appraisal, the court weighed the evidence and then exercised its broad discretion. We conclude that the court acted properly and, therefore, reject the plaintiff's claim to the contrary.

II

The plaintiff next claims that the court improperly calculated the increase in the equity in the residence. The plaintiff's claim is based on the court's statement that it was equitable to award him 50 percent of "the increase in the equity from the date of purchase to the date of dissolution . . . ." The court subtracted the purchase price from the fair market value and divided by two to yield an award of $12,750. The plaintiff claims that the court first should have calculated the equity on the date of purchase by subtracting the encumbrances on the residence from the purchase price and next calculated the equity on the date of dissolution by subtracting the encumbrances from the fair market

value. The plaintiff claims that the court then should have taken the difference between the equity on each date and divided it by two.

After the plaintiff filed his appeal, the defendant filed a motion for articulation in which she asked the court: "Assuming *arguendo* that the [plaintiff] is correct that the conventional definition of 'equity' is the gross value of an asset minus its encumbrances, articulate whether the [c]ourt believes that it is nevertheless equitable, under the relevant statutory and decisional law, to award the [p]laintiff the sum of $12,750.00 for his share of the marital home?" (Emphasis in original.) In its articulation, the court responded: "Yes, the court believes the award to the plaintiff is equitable for the reasons set forth in . . . its memorandum of decision."[1]

The court's memorandum of decision and articulation clearly indicate that the court found it equitable to award the plaintiff $12,750 of the value of the residence. That number represents one half of the increase in the value of the residence from the date of purchase to the date of dissolution. It does not represent one half of the increase in the equity in the residence from the date of purchase to the date of dissolution because a calculation of equity requires an asset's encumbrances to be taken into account. In arriving at the figure of $12,750, the court did not consider the encumbrances on the residence.

We conclude that the court intended to award the plaintiff one half of the increase in the value of the residence, or $12,750, because the court stated in both the memorandum of decision and articulation that that amount was equitable. The award was within the court's discretion because it was based on the court's assess-

---

[1] The plaintiff did not seek an articulation of the court's use of the term "equity."

ment of the parties' contributions to the residence. See General Statutes § 46b-81 (c).[2] We therefore reject the plaintiff's claim that the award was improper.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] General Statutes § 46b-81 (c) provides that the court is to assign property in dissolution proceedings after considering a list of factors, including the reasons for the dissolution and the parties' incomes. That statute further provides that "[t]he court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."