### LINDA JEZIERNY *v.* PETER JEZIERNY
### (AC 27008)

DiPentima, McLachlan and West, Js.

Argued October 17, 2006—officially released January 9, 2007

*Steven P. Kulas*, with whom, on the brief, was *Prescott W. May*, for the appellant (defendant).

*Jeffrey D. Ginzberg*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Peter Jezierny, appeals from the judgment of the trial court reducing his weekly

alimony payment to the plaintiff, Linda Jezierny, from $275 to $160. On appeal, the defendant claims that the court improperly determined that the plaintiff was entitled to continue receiving alimony. We affirm the judgment of the trial court.

On December 23, 1998, the court dissolved the parties' marriage and ordered the defendant to pay the plaintiff weekly alimony of $275. The defendant filed a postjudgment motion for modification of alimony on July 8, 2005, claiming that he had retired from his job as a high school teacher and no longer could afford to pay alimony to the plaintiff. The court conducted a hearing on the defendant's motion for modification and found that the plaintiff's weekly medical expenses had decreased by $63 and the defendant's weekly health insurance expenses had increased by $52. The court therefore subtracted both of those amounts from the defendant's weekly alimony obligation and ordered him to pay the plaintiff $160 per week. The defendant then filed this appeal.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Rasey* v. *Berger*, 92 Conn. App. 218, 220, 883 A.2d 1268 (2005).

The defendant claims that the court should have released him from his obligation to pay alimony to the plaintiff. In support of that claim, the defendant argues, inter alia, that he cannot afford to pay the plaintiff $160 per week because he is retired and that the plaintiff is

able to seek additional employment. Notably, the record does not contain a written memorandum of decision or a signed transcript of the court's oral decision in compliance with Practice Book § 64-1. In order for us to review the defendant's claim, therefore, the transcript must contain a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decision. See *Forastiere* v. *Higbie*, 95 Conn. App. 652, 655 n.2, 897 A.2d 722, cert. denied, 280 Conn. 902, 907 A.2d 89 (2006).

Our examination of the transcript in the present case reveals that it fails to satisfy that standard. Although the transcript clearly indicates that the court granted the defendant's motion for modification on the grounds that the plaintiff's medical expenses had decreased and the defendant's health insurance expenses had increased, it is not clear from the transcript whether the court also considered the effect of the defendant's retirement on his ability to pay alimony or the plaintiff's ability to seek additional employment. The defendant did not request the court to comply with Practice Book § 64-1 and did not file a motion for articulation. "It is well established that the appellant bears the burden of providing an appellate court with an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . . Without an adequate record, [w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us . . .

would be entirely speculative." (Citation omitted; internal quotation marks omitted.) *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 241 n.6, 907 A.2d 1274 (2006). We therefore decline to review the defendant's claim that the court improperly ordered him to pay the plaintiff weekly alimony of $160.[1]

The judgment is affirmed.

---

[1] The defendant also claims that the court improperly abbreviated its hearing on his motion for modification. Our examination of the transcript, however, reveals that the court gave the defendant sufficient opportunities to present evidence and arguments and that he did not object when the court indicated that it was ready to rule on his motion for modification.