JENNIFER TOW *v.* DAVID TOW
(AC 33820)

Lavine, Beach and Schaller, Js.

46

Argued February 6—officially released April 16, 2013

*Nicholas J. Adamucci*, for the appellant (plaintiff).

*Jon T. Kukucka*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Jennifer Tow, appeals from the trial court's judgment with regard to the court's rulings on certain postdissolution motions. She claims that the court erred in (1) denying her motion for contempt, (2) granting the motion of the defendant, David Tow, to modify child support and alimony and (3) denying her motion for permission to relocate with the parties' minor child. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The parties were married in 1981. Three children were born of the marriage. Two had attained majority and graduated from high school at the time of the court's decision on the postdissolution motions. In May, 2007,

the plaintiff filed for dissolution of marriage. A judgment of dissolution of marriage, which incorporated the parties' separation agreement, was rendered in August, 2007. That agreement provided that the defendant was to pay the plaintiff child support in the amount of $560 per week, which exceeded the amount provided by the child support guidelines, for the two then minor children; and alimony in the amount of $1041 per week for thirteen years. The defendant was to assume the children's college expenses. In a July 14, 2011 memorandum of decision, the court denied the plaintiff's motion for contempt, granted the defendant's motion to modify child support and alimony and denied the plaintiff's motion for relocation. This appeal followed.

I

The plaintiff claims that the court erred in denying her motion for contempt. We disagree.

In her motion for contempt, the plaintiff argued that the defendant had failed to pay the required child support and alimony during a nine month period following the judgment of dissolution during which the parties continued to reside in the same house.[1] In denying the plaintiff's motion for contempt, the court determined that during the nine month period in question, the plaintiff had free access to the family's joint checking account for personal expenses, household expenses and payment of bills, and that the defendant deposited approximately $92,000 into that account. The court found that the amount deposited in the joint account by the defendant was well in excess of the agreed upon child support and alimony of $560 per week and $1041 per week, respectively. The court accordingly determined that the defendant had not violated the alimony and child support orders.

---

[1] For nine months following the dissolution of marriage, the defendant remained in the family home and the parties maintained a financial status quo of prior years without formal payment of alimony or child support.

"A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in [finding] that the actions or inactions of the [alleged contemnor] were in contempt of a court order. . . . [T]he credibility of witnesses, the findings of fact and the drawing of inferences are all within the province of the trier of fact. . . . We review the findings to determine whether they could legally and reasonably be found, thereby establishing that the trial court could reasonably have concluded as it did." (Internal quotation marks omitted.) *O'Connell* v. *O'Connell*, 101 Conn. App. 516, 521, 922 A.2d 293 (2007).

The plaintiff argues that the court's conclusions were flawed because they ignored the defendant's prior agreement that he owed $15,000 in unpaid child support and alimony,[2] and several other of her positions. We have carefully reviewed these claims and conclude that the court's factual findings were not clearly erroneous and that the court did not abuse its discretion when it determined that the defendant did not violate any court orders regarding child support and alimony. It found that the plaintiff had access to an amount deposited in a joint checking account that was in excess of the amount the defendant owed in child support and alimony.

## II

The plaintiff next claims that the court erred in granting the defendant's motion to modify child support and alimony. We disagree.

The court determined that the financial orders were modifiable pursuant to General Statutes § 46b-86 in the event of a substantial change in circumstances because the divorce decree did not preclude modification. The

---

[2] The court found that "the 'agreement' was based on a mistaken belief by the defendant and that, in any event, was never entered as a court order."

court found a substantial change in circumstances based upon the following: despite the defendant's timely support payments, the family home went into foreclosure and was sold; the defendant's net income of $2891 per week at the time of the dissolution decreased to $1899 per week by January, 2011, and further to $1649 per week by March, 2011; the defendant's financial liabilities and expenditures had increased since the dissolution; and one of the parties' children had attained the age of majority and satisfied all high school graduation requirements since the date of dissolution. The court determined that there no longer was a basis to deviate upward from the child support guidelines, and modified the defendant's child support to $328 per week from June 10, 2010, to June 10, 2011; and further modified child support to $250 per week because another child had reached the age of majority and had satisfied high school graduation requirements as of June 10, 2011. The court, applying the factors set forth in General Statutes § 46b-82 (a), modified the weekly alimony to $550 retroactive to June 10, 2010.

Section 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . ."[3]

"[W]e will not disturb the trial court's ruling on a motion for modification of alimony or child support

[3] Our Supreme Court has recognized some restrictions on provisions providing for nonmodification of child support. See *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 547–48, 46 A.3d 112 (2012); *Favrow* v. *Vargas*, 231 Conn. 1, 22, 647 A.2d 731 (1994); *Guille* v. *Guille*, 196 Conn. 260, 266, 492 A.2d 175 (1985). Such restrictions are not at issue in this case.

unless the court has abused its discretion or reasonably could not conclude as it did, on the basis of the facts presented. . . . Furthermore, [t]he trial court's findings [of fact] are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Blum* v. *Blum*, 109 Conn. App. 316, 328–29, 951 A.2d 587, cert. denied, 289 Conn. 929, 958 A.2d 157 (2008).

The plaintiff argues that several of the court's factual findings supporting its finding of a substantial change of circumstances are erroneous. The plaintiff primarily argues that the defendant's voluntary decrease in income should not be a lawful basis on which to find a substantial change in circumstances. The court made no finding that the defendant's decrease in income was voluntary, but rather used the decrease as a reason to support its finding of a substantial change in circumstances. The court's findings regarding a substantial change in circumstances are supported by the record, and, thus, we conclude that the court did not abuse its discretion in granting the defendant's motion to modify child support and alimony.

III

The plaintiff last claims that the court erred in denying her motion for permission to relocate with the parties' minor child. We disagree.

The plaintiff filed a motion to allow her to relocate to France with the parties' one minor child, who was twelve years old at the time of the court's decision on the postjudgment motions. The court determined, on

the basis of General Statutes § 46b-56d (a) (1),[4] that the plaintiff had not met her burden of demonstrating that relocation was for a legitimate purpose. The court found that the plaintiff initially discussed relocation to France in 2009, after she became involved with a former classmate from high school who lived in France. The plaintiff's plan became more extensive when she announced that she was planning to marry the former classmate.[5] The court determined, partly on the basis of the plaintiff's testimony that she could not legally work in France, that furthering her career opportunities was not a legitimate purpose for relocation in these circumstances. The court also rejected the plaintiff's assertion that relocation would be an "incredible cultural opportunity" for the minor child because he was a speed skater who had a coach in France[6] and because he needed time to "heal" from the stress of the divorce. The court determined that any cultural opportunities were overshadowed by the irreparable harm the child

[4] General Statutes § 46b-56d provides: "(a) In any proceeding before the Superior Court arising after the entry of a judgment awarding custody of a minor child and involving the relocation of either parent with the child, where such relocation would have a significant impact on an existing parenting plan, the relocating parent shall bear the burden of proving, by a preponderance of the evidence, that (1) the relocation is for a legitimate purpose, (2) the proposed location is reasonable in light of such purpose, and (3) the relocation is in the best interests of the child.

"(b) In determining whether to approve the relocation of the child under subsection (a) of this section, the court shall consider, but such consideration shall not be limited to: (1) Each parent's reasons for seeking or opposing the relocation; (2) the quality of the relationships between the child and each parent; (3) the impact of the relocation on the quantity and the quality of the child's future contact with the nonrelocating parent; (4) the degree to which the relocating parent's and the child's life may be enhanced economically, emotionally and educationally by the relocation; and (5) the feasibility of preserving the relationship between the nonrelocating parent and the child through suitable visitation arrangements."

[5] The relationship ended, but the plaintiff continued to plan to relocate with the minor child to France.

[6] The defendant had permitted the plaintiff to take the minor child temporarily to France.

would likely suffer as his relationship with the defendant continued to deteriorate.[7] The court determined, as well, that the minor child had been involved in speed skating in Connecticut prior to the discussion of relocation and that those opportunities were still available to him.

"Our standard of review of a trial court's decision regarding . . . relocation orders is one of abuse of discretion. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . Further, [t]he trial court has the opportunity to view the parties first hand and is therefore in the best position to assess the circumstances surrounding a dissolution action, in which such personal factors as the demeanor and attitude of the parties are so significant." (Internal quotation marks omitted.) *McKechnie* v. *McKechnie*, 130 Conn. App. 411, 421, 23 A.3d 779, cert. denied, 302 Conn. 931, 28 A.3d 345 (2011).

The plaintiff argues that the court erred in finding that relocation would not further a legitimate purpose and in not crediting testimony that relocation was in the child's best interests. See General Statutes § 46b-56d (a) (3). The record supports the court's finding that relocation was not for a legitimate purpose. The court was not obligated to credit the plaintiff's view of testimony. Contrary to the plaintiff's argument, the court is not required to accept her view of the evidence. See *LPP Mortgage, Ltd.* v. *Lynch*, 122 Conn. App. 686, 700–701, 1 A.3d 157 (2010) (exclusive province of trier of fact to weigh evidence and determine credibility of witnesses). The court did not err in denying the plaintiff's motion for permission to relocate with the parties' minor child.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The court determined that the child's relationship with the defendant deteriorated when the defendant objected to the relocation and deteriorated further since the child's temporary move to France with the plaintiff.