STATE OF CONNECTICUT *v.* LINDA M. STEVENS
(AC 23839)

Flynn, West and McDonald, Js.

Argued April 28—officially released October 12, 2004

*Jane E. Carroll*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *David A. Gulick*, assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Linda M. Stevens, appeals from the sentence imposed on her by the trial court subsequent to her plea of guilty under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970),[1] to the charge of possession of narcotics in violation of General Statutes § 21a-279 (a). The plea was made pursuant to a *Garvin* agreement.[2] On appeal, the defendant claims that the court improperly added to her *Garvin* agreement the following condition: If, after making the agreement, she is arrested and there is probable cause for that arrest, the court may enhance her sentence and not allow her to withdraw her plea. The defendant claims that the court violated her federal and state due process rights by

[1] "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

[2] A *Garvin* agreement is a conditional plea agreement that has two possible binding outcomes, one that results from the defendant's compliance with the conditions of the plea agreement and one that is triggered by the defendant's violation of a condition of the agreement. See *State* v. *Garvin*, 242 Conn. 296, 299–302, 699 A.2d 921 (1997).

improperly obligating her to such a condition and by enhancing her sentence on that basis. We agree with the defendant.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On August 6, 2002, in exchange for a sentence of three years incarceration, the defendant pleaded guilty to a charge of possession of narcotics in violation of § 21a-279 (a). The court advised the defendant that if she was arrested with probable cause subsequent to making her plea, but prior to sentencing, the court could enhance her sentence from the agreed three years to seven years, and she would not be able to withdraw her plea.[3] Two days later, on August 8, 2002, the police arrested the defendant and charged her with several crimes. On October 17, 2002, the defendant appeared for sentencing on the charge of possession of narcotics, to which she had pleaded guilty, under the *Alford* doctrine, on August 6, 2002. Taking note of the defendant's August 8, 2002 arrest, and declaring there to have been probable cause for that arrest, the court, pursuant to the terms of the August 6, 2002 *Garvin* agreement, sentenced the defendant to seven years incarceration. This appeal ensued.

The defendant first contends that by adding the disputed condition to the plea agreement and by using it to enhance her sentence, the court violated the principal tenet of *State* v. *Garvin*, 242 Conn. 296, 699 A.2d 921 (1997), that a court may impose sentences reflecting a failure to fulfill a condition of the agreement, but only as long as "[f]ulfillment of [the] condition [is] within

---

[3] The court stated: "Now, when you come back, you're going to get three years in jail. If I want to give you more than three years, then you can take your plea back. However, if you don't show up on the day of sentencing or *you pick up a new arrest and I read the police report and there's probable cause, then I can give you the full seven years and you cannot take your plea back.* Do you understand that, ma'am?" (Emphasis added.)

the defendant's control." Id., 314. The defendant contends that fulfillment of the condition in dispute was not within her control. We agree.

Although the defendant failed to raise her claim before the court, we review it pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] We conclude that the defendant has satisfied all four prongs of *Golding*.

In *Garvin*, our Supreme Court recognized that contract principles govern plea agreements and stated that "[u]nder the terms of the defendant's plea agreement, in return for his guilty pleas, he received consideration in the form of the agreed upon sentence. One of the conditions of the agreement, however, was that the defendant appear for sentencing. *Fulfillment of this condition was within the defendant's control.* He understood at the outset that, if he failed to satisfy this condition, he nonetheless would be bound to the agreement. By holding the defendant to his guilty pleas, while imposing sentences reflecting his failure to appear, the trial court did no more than enforce the terms of the plea agreement. Accordingly, the defendant's plea bargain did not violate due process . . . ." (Emphasis added.) *State* v. *Garvin*, supra, 242 Conn. 314. Our rules of practice, however, demand that the sentencing court offer a defendant who *has* met the conditions of a *Garvin* agreement the opportunity to withdraw her plea if the court rejects that plea.[5]

---

[4] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[5] Practice Book § 39-9 provides in relevant part: "If the case is continued for sentencing, the judicial authority shall inform the defendant that a different sentence from that embodied in the plea agreement may be imposed on the

Under *Garvin* and our rules of practice, therefore, when fulfillment of a condition is not within a defendant's control, a court may not hold a defendant to her guilty plea and impose a sentence reflecting her failure to fulfill the condition. To do otherwise would deprive the defendant of her liberty interest without due process of law.

The state offers several cases, including *Garvin*, to support its contention that a court's utilization of a "no arrest" condition in a *Garvin* agreement, with or without a concomitant requirement that any arrests be justified by probable cause, raises no due process concern and does not violate the underlying principles of *Garvin* agreements. We note, however, that those cases do not directly address the validity of a "no arrest" condition in a *Garvin* agreement. They address other types of conditions, all of which are within a defendant's control to fulfill. For example, in *State* v. *Small*, 78 Conn. App. 14, 17, 826 A.2d 211 (2003), the defendant was precluded from having contact with the victims of his crimes. In *State* v. *Lopez*, 77 Conn. App. 67, 70–71, 822 A.2d 948 (2003), aff'd, 269 Conn. 799, 850 A.2d 143 (2004), the defendant property owner was obligated to abate various fire and health code violations prior to dates set by the court. In *State* v. *Gordon*, 69 Conn. App. 691, 693, 796 A.2d 1238 (2002), as in *Garvin*, the defendant was obligated to appear at sentencing. In

receipt of new information . . . but that if such a sentence is imposed, the defendant will be allowed to withdraw his or her plea in accordance with Sections 39-26 through 39-28."

Practice Book § 39-10 provides: "If the judicial authority rejects the plea agreement, it shall inform the parties of this fact; advise the defendant personally in open court or, on a showing of good cause, in camera that the judicial authority is not bound by the plea agreement; afford the defendant the opportunity then to withdraw the plea, if given; and advise the defendant that if he or she persists in a guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

*State* v. *Trotman,* 68 Conn. App. 437, 443, 791 A.2d 700 (2002), the defendant was obligated to remain in a drug treatment program and to pass all urine tests for drug use.

In its brief, the state notes that the *Garvin* agreement in *Trotman,* like the agreement in this case, included a "no arrest" condition. Given that we affirmed the court's decision in *Trotman* to bind the defendant to her plea agreement and to enhance her sentence, the state suggests that we sanctioned the use of a "no arrest" condition in a *Garvin* plea agreement. We did not implicitly sanction that condition in that case. In *Trotman,* the issue was whether the defendant had breached the urine test condition of the agreement, which was within her control to fulfill. We did not address the validity of the "no arrest" condition in *Trotman* because the defendant did not contest its validity.[6]

Unlike the disputed *Garvin* agreement conditions in *Garvin, Small, Lopez, Gordon* and *Trotman,* fulfillment of the disputed *Garvin* agreement condition in this case was not within the defendant's control. We accept that a person has control over when and where he appears. We accept that a person has control over such things as remaining in a drug treatment program or remedying certain health code violations. We do not accept, however, that a person necessarily has control over whether he or she is arrested. We recognize that being arrested, similar to being struck by lightning, can be the result of being in the wrong place at the wrong time. According to *Garvin,* then, the court violated the defendant's due process rights by improperly adding to her *Garvin* agreement, and using as a basis for sentence enhancement, a condition beyond the defendant's control to fulfill.

---

[6] Similarly, we did not address the validity of the "no arrest" condition in *Small* because the defendant did not contest its validity. *State* v. *Small,* supra, 78 Conn. App. 17.

Because "[t]he validity of plea bargains depends on contract principles"; *State* v. *Garvin*, supra, 242 Conn. 314; we look to those principles in order to dispose of the disputed condition properly. A court may, where possible, sever the illegal portion of the agreement and enforce the remainder. *Masters* v. *Masters*, 201 Conn. 50, 59–60, 513 A.2d 104 (1986).

By eliminating the illegal condition from the *Garvin* agreement in this case, a grammatically meaningful and enforceable condition still exists. In fact, we are left with a condition identical to that which our Supreme Court in *Garvin* declared did not violate due process: If the defendant fails to appear at sentencing, the court can hold her to her guilty plea and impose an enhanced sentence. See *State* v. *Garvin*, supra, 242 Conn. 314.

Having satisfied the remaining condition of her *Garvin* agreement by appearing at sentencing, the defendant in this case should be deemed to have fulfilled her end of the bargain. See *State* v. *Gordon*, supra, 69 Conn. App. 703. As such, the court should have sentenced her accordingly. By enhancing her sentence beyond the three year term expressed in the *Garvin* agreement, however, the sentencing court actually was rejecting her guilty plea. See id. In so doing, the court was required by Practice Book § 39-10 to afford the defendant an opportunity to withdraw her plea. The court, however, did not do so.

In lieu of requesting that the sentencing court afford her the opportunity to withdraw her plea, the defendant seeks specific performance of her *Garvin* agreement. We may not, however, direct the court to impose that sentence. To do so "implies that we, rather than the trial court, would thus determine the proper sentence to be imposed. . . . The imposition of an appropriate sentence is the function of the trial court, and not our function." (Citations omitted.) *Miller* v. *Commissioner*

*of Correction*, 29 Conn. App. 773, 780, 617 A.2d 933 (1992). In this case, the sentencing court may choose either to grant specific performance of the *Garvin* agreement by imposing a three year sentence or to reject the *Garvin* agreement in conformity with Practice Book § 39-10.

We therefore vacate the court's sentence and remand the case with instructions that the court remove the disputed condition and either sentence the defendant in conformity with the remaining terms of the *Garvin* agreement or reject the agreement in conformity with our rules of practice.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.