FITZGERALD COUNCIL *v.* COMMISSIONER
OF CORRECTION
(SC 18015)
(SC 18016)

Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued January 3—officially released April 22, 2008

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant in Docket No. SC 18015, and the appellee in Docket No. SC 18016 (petitioner).

*Erika L. Brookman*, special deputy assistant state's attorney, with whom were *Michael E. O'Hare*, supervisory assistant state's attorney, and, on the brief, *John A. Connelly*, state's attorney, and *Patrick J. Griffin*, assistant state's attorney, for the appellee in Docket No. SC 18015, and the appellant in Docket No. SC 18016 (respondent).

*Opinion*

ZARELLA, J. The petitioner, Fitzgerald Council, filed this habeas action, claiming, inter alia, that (1) the trial court deprived him of his due process rights under the fifth and fourteenth amendments to the United States constitution by conditioning his plea agreement on his not being arrested between the date of the plea and the date of sentencing, including arrests that might be beyond the petitioner's power to prevent, and (2) his presentence confinement in one case was not properly credited against the sentence at issue in another case as a result of his trial counsel's ineffective representation. Following a trial to the habeas court, *Fuger, J.*, the court rendered judgment granting the petitioner's amended petition for a writ of habeas corpus with respect to his presentence confinement credit claim and denying the petition in all other respects. The petitioner, on the granting of certification, then appealed from the judgment of the habeas court, claiming that the court improperly had denied his due process claim. The respondent, the commissioner of correction, on the granting of certification, filed a separate appeal from the judgment of the habeas court, claiming that the court improperly had granted the habeas petition with respect to the petitioner's claim regarding presentence confinement credit.[1] We affirm the judgment of the habeas court.

---

[1] The petitioner and the respondent appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The record reveals the following undisputed facts and procedural history. On October 14, 2001, the petitioner was arrested and charged, in Docket No. CR-01-0304916-S (assault case), with a number of criminal offenses, including assault of a police officer in violation of General Statutes (Rev. to 2001) § 53a-167c. The petitioner entered into a plea agreement with the state whereby, in exchange for the petitioner's guilty plea on the assault charge, the state would drop the other charges[2] and recommend a sentence of five years imprisonment, suspended after three years, and three years probation.

Thereafter, the petitioner pleaded guilty to the assault charge under the *Alford* doctrine.[3] At the plea hearing, the trial court, *Iannotti, J.*, granted the petitioner's request to postpone sentencing and to permit the petitioner to remain free on bond pending sentencing subject to certain conditions, which were imposed pursuant to *State* v. *Garvin*, 242 Conn. 296, 299–302, 699 A.2d 921 (1997).[4] Specifically, the court advised the petitioner that, if he failed to appear at sentencing or was arrested between the date of the plea hearing and sentencing, the court would be free to sentence him to the maximum ten year term of imprisonment for the assault charge.[5] The petitioner indicated that he under-

---

[2] In addition to the various charges brought against the defendant in the assault case, the petitioner had been arrested and charged with assault on December 17, 2002. Under the plea agreement, the state also agreed to drop those charges.

[3] A defendant may enter an *Alford* plea in the face of strong evidence of factual guilt without admitting guilt to the charged crime. See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] "A *Garvin* agreement is a conditional plea agreement that has two possible binding outcomes, one that results from the defendant's compliance with the conditions of the plea agreement and one that is triggered by his violation of a condition of the agreement." (Internal quotation marks omitted.) *State* v. *Stevens*, 278 Conn. 1, 7, 895 A.2d 771 (2006).

[5] Before the trial court imposed the *Garvin* conditions, it conducted a standard plea canvass to ensure that the defendant's guilty plea was intelligent, knowing and voluntary.

stood the conditions, that he wanted to plead guilty and that he knew that there was "no turning back" once the court accepted his plea. The court then accepted the plea.

On March 28, 2003, after the plea hearing, but before sentencing in the assault case, the petitioner was arrested and charged, in Docket No. CR-03-0319784-S (drug case), with, inter alia, possession of marijuana in violation of General Statutes § 21a-279 (c) and interfering with a police officer in violation of General Statutes (Rev. to 2003) § 53a-167a. Before the petitioner's arraignment, the trial court, *Maloney, J.*, found that there had been probable cause for the arrest. At the arraignment, the trial court, *Ginocchio, J.*, was notified that the petitioner previously had entered into a plea agreement and that the new arrest violated the conditions of that agreement.

Thereafter, the petitioner appeared before the trial court, *Iannotti, J.*, for sentencing in the assault case. The state advised the trial court that the petitioner had violated the "no arrest" condition of the plea agreement and requested that the court impose the maximum sentence of ten years imprisonment. The petitioner addressed the court and denied both that he had assaulted the officer in the case before the court and that he had engaged in the conduct that resulted in the charges in the drug case. The trial court continued the sentencing hearing so that the petitioner could order and review the transcript of the previous plea hearing at which the court had imposed the *Garvin* conditions.

When the sentencing hearing in the assault case reconvened, the state again requested that the trial court impose the maximum ten year sentence on the assault charge. The petitioner again denied that he had assaulted the officer and that he had engaged in the criminal conduct with which he had been charged in

the drug case. He did not request, however, that the court allow him to withdraw his guilty plea. The trial court sentenced the petitioner to five years imprisonment in the assault case. The petitioner did not appeal from the trial court's judgment in the assault case. Thereafter, in the drug case, the petitioner pleaded guilty under the *Alford* doctrine to possession of marijuana[6] and was sentenced to six months imprisonment, to be served concurrently with the five year sentence that the trial court imposed in the assault case.

Subsequently, the petitioner filed a petition for a writ of habeas corpus and, thereafter, an amended petition, claiming that (1) under *State* v. *Stevens*, 85 Conn. App. 473, 478–80, 857 A.2d 972 (2004),[7] the trial court had violated his constitutional due process rights when it imposed, in connection with his plea agreement in the assault case, the "no arrest" condition, which included arrests that were beyond the petitioner's control (count one), (2) he was denied effective assistance of counsel when his trial counsel failed to advise him adequately about his parole eligibility and, therefore, that his *Alford* plea in the assault case was not intelligent, knowing and voluntary (count two), and (3) he was denied effective assistance of counsel when his trial counsel failed to request an increase in his bond in the assault case after his arrest in the drug case, thereby depriving the petitioner of credit in the assault case for his presentence incarceration in the drug case (count three). The petitioner also represented that he had not raised any of these claims in the trial court or on direct appeal from

---

[6] The state nolled the charge of interfering with a police officer.

[7] In *Stevens*, the Appellate Court concluded that the "no arrest" *Garvin* conditions violate due process because a defendant has no control over whether he is arrested. *State* v. *Stevens*, supra, 85 Conn. App. 478. After the petitioner in the present case filed his petition for a writ of habeas corpus, however, this court reversed the Appellate Court's judgment in *Stevens*. *State* v. *Stevens*, 278 Conn. 1, 13, 895 A.2d 771 (2006); see also footnote 9 of this opinion.

the judgments of conviction. In its return, the respondent claimed that the habeas court's review of count one was barred by procedural default because the petitioner had not attempted to withdraw his *Alford* plea in the trial court or to challenge its validity on direct appeal. The respondent also denied that the allegations of count two constituted ineffective assistance of counsel and left the petitioner to his proof on count three. In his reply to the respondent's return, the petitioner claimed that count one was not barred by procedural default because neither the trial court nor his counsel had advised him of his right to withdraw his *Alford* plea in the assault case.[8]

After a trial to the habeas court, *Fuger, J.*, that court concluded that, under this court's decision in *State* v. *Stevens*, 278 Conn. 1, 11–13, 895 A.2d 771 (2006),[9] which

---

[8] The petitioner did not claim in his reply or in the pretrial brief that he submitted to the habeas court that the failure of his trial counsel to advise him at the sentencing hearing that he could seek to withdraw his *Alford* plea in the assault case constituted ineffective assistance of counsel. Rather, the petitioner's theory, as set forth in his brief to this court, was that the failure of the trial court to advise him of his right to withdraw the *Alford* plea pursuant to Practice Book § 39-9 constituted plain error.

[9] In *Stevens*, this court considered the validity of a "no arrest" condition imposed in connection with a plea agreement. *State* v. *Stevens*, supra, 278 Conn. 3–4. We concluded that, because there was no dispute that there had been probable cause for the defendant's postplea arrest in that case, the enforcement of the condition had a sufficiently reliable factual basis and did not violate due process. Id., 11–12. In dictum, we quoted with approval the following statement of the New York Court of Appeals in *People* v. *Outley*, 80 N.Y.2d 702, 610 N.E.2d 356, 594 N.Y.S.2d 683 (1993): "If . . . proof that [the] defendant actually committed the postplea offense which led to the arrest is not necessary, what lesser showing does due process require in order for the court to impose the enhanced sentence? Obviously, the mere fact of the arrest, without more, is not enough. A no-arrest condition could certainly not be held to have been breached by arrests which are malicious or merely baseless . . . . When an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation . . . . The nature and extent of the inquiry . . . is within the court's discretion . . . . The inquiry must be of sufficient depth, however, so that the court

had been released shortly before the habeas trial, Judge Maloney's finding of probable cause to arrest the petitioner in the drug case, together with the petitioner's *Alford* plea in that case, provided a sufficiently reliable basis to enforce the "no arrest" condition imposed in connection with the plea agreement in the assault case. Accordingly, the habeas court denied relief on count one. The habeas court then found that the petitioner had not proven that his counsel had failed to advise him adequately about his parole ineligibility and that, even if he had, the petitioner had not been prejudiced. Accordingly, the habeas court denied relief on count two. With respect to count three, the habeas court concluded that the failure of the petitioner's trial counsel to request an increase in the bond on the assault case after the petitioner was arrested for possession of marijuana constituted ineffective assistance of counsel and that the petitioner was prejudiced by the resulting unavailability of presentence confinement credit in the assault case. Accordingly, the court granted relief on count three of the habeas petition.

These appeals followed. After the appeals were filed, the petitioner filed in the habeas court a motion for articulation of the reasons for its judgment denying relief on count one of the habeas petition. The habeas court denied the motion. The petitioner thereafter filed in the Appellate Court a motion for review of the habeas court's denial of the motion for articulation in which he requested that the Appellate Court order the habeas court to articulate the reasons for the denial of relief on count one. The Appellate Court granted the motion and the relief requested therein. The habeas court then issued an articulation in which it stated that both parties had abandoned the issue of procedural default at the

can be satisfied—not of [the] defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge." (Citations omitted.) Id., 713; see *State* v. *Stevens*, supra, 12–13.

habeas trial and that, accordingly, the habeas court had based its ruling on the merits of the petitioner's claim. The habeas court further stated that, because the petitioner had not challenged the validity of his *Alford* plea in the drug case, there was a sufficient basis under *State* v. *Stevens*, supra, 278 Conn. 1, to conclude that the petitioner had violated the "no arrest" condition when he was arrested in the drug case. Accordingly, the habeas court concluded that there was no basis for the petitioner's claim that the trial court had violated his due process rights by enforcing the "no arrest" condition that was imposed in connection with the petitioner's plea agreement in the assault case.

I

We first address the claims in the petitioner's appeal. The petitioner claims that the habeas court incorrectly determined that the trial court had not violated his due process rights when it (1) failed to canvass the petitioner adequately on the "no arrest" condition during the plea hearing, thereby rendering his *Alford* plea in the assault case unknowing and involuntary, and (2) denied the petitioner the opportunity to challenge the validity of his arrest in the drug case before it enforced the "no arrest" condition. The respondent counters that the petitioner did not raise his first claim, namely, that the trial court had failed to canvass him adequately during the plea hearing, in the habeas court, and, therefore, that claim was not preserved for review. The respondent also contends that, even if the claim of an inadequate plea canvass is reviewable, the petitioner cannot prevail because (1) the trial court adequately canvassed the petitioner, (2) even if the trial court did not adequately canvass the petitioner, the court was not required to canvass him on the procedural mechanics of enforcing a *Garvin* condition, and (3) even if there is a constitutional requirement for such a canvass, the

petitioner is not entitled to the retroactive application of that constitutional rule.

With respect to the petitioner's second claim, the respondent contends that the claim also is unpreserved. The respondent further contends that, even if the claim was preserved, the petitioner cannot prevail because (1) he is not entitled to the retroactive application of this court's dictum in *State* v. *Stevens*, supra, 278 Conn. 12–13, quoting *People* v. *Outley*, 80 N.Y.2d 702, 713, 610 N.E.2d 356, 594 N.Y.S.2d 683 (1993), that a defendant should have the opportunity to contest the reliability of the evidence supporting the violation of a *Garvin* condition, (2) even if the petitioner was entitled to the benefit of the dictum in *Stevens*, the trial court provided him with an opportunity to contest the validity of his arrest in the drug case, (3) the petitioner's claim that the trial court's enforcement of the "no arrest" condition violated *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), is without merit, and (4) the petitioner's claim is moot inasmuch as he ultimately pleaded guilty to the possession of marijuana charge that provided the basis for the trial court's determination that he had violated the "no arrest" condition. Finally, the respondent claims, as an alternate ground for affirming the judgment of the habeas court, that the defense of procedural default bars all of the petitioner's claims. We conclude that the petitioner's second claim is not moot. We further conclude that all of the petitioner's claims are barred by procedural default.

### A

Because mootness implicates this court's subject matter jurisdiction, we must address the threshold question of whether the petitioner's *Alford* plea in the drug case rendered moot his claim that the trial court improperly denied him the opportunity to challenge the validity of his arrest in that case before it determined that he

had violated the "no arrest" condition in the assault case. We conclude that the petitioner's claim is not moot.

We begin with the standard of review. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 373–74, 944 A.2d 276 (2008). "We have long held that because [a] determination regarding a . . . court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004).

In the present case, the respondent contends that the petitioner's claim is moot because he ultimately pleaded guilty under the *Alford* doctrine to the possession of marijuana charge, which provided the basis for the trial court's finding that he had violated the "no arrest" condition imposed in connection with the plea agreement in the assault case. The respondent contends that, as a result of that plea, there is no longer any live controversy about whether the petitioner engaged in the conduct for which he was arrested. Cf. *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005) ("[when], subsequent to a conviction of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from

that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated").

The petitioner counters that, because he was arrested not only on the possession of marijuana charge, but also on other charges in connection with the same incident, and because he pleaded guilty only to the possession charge, his claim is not moot. Specifically, he contends that the trial court, in imposing sentence in the assault case, considered *all* of the charges that had been brought against him in the drug case, including those that the petitioner characterizes as the more serious charges. The state nolled those charges, however, when the petitioner pleaded guilty to possession of marijuana. Accordingly, the petitioner argues, if he were to prevail in this appeal, he would not be precluded from attempting to establish on remand that there was no basis for those charges. If the trial court were to agree, he argues, it might impose a different sentence.

We agree with the petitioner. Although his *Alford* plea on the possession charge in the drug case would be sufficient for the trial court to conclude that the petitioner had violated the "no arrest" condition, it is possible that the court could impose a different sentence if the petitioner were to establish that one of the charges on which he was arrested was baseless. Cf. *State* v. *Preston*, supra, 286 Conn. 380–82 (when defendant pleaded guilty on charges that constituted basis for violation of probation, defendant's claim that trial court improperly revoked probation was not moot because violation of probation does not automatically result in revocation of probation). Accordingly, we conclude that the petitioner's claim is not moot.

B

We next address the petitioner's claims that the habeas court incorrectly concluded that the trial court

had not violated his due process rights when it (1) failed to canvass the petitioner adequately on the "no arrest" condition during the plea hearing, thereby rendering his *Alford* plea unknowing and involuntary, and (2) denied the petitioner the opportunity to challenge the validity of his arrest for possession of marijuana before it enforced the "no arrest" condition in the assault case. The respondent claims, as an alternate ground for affirmance, that these claims are barred by procedural default. We agree with the respondent.

When a habeas petitioner has failed to file a motion to withdraw his guilty plea or to challenge the validity of the plea on direct appeal, a challenge to the validity of the plea in a habeas proceeding is subject to procedural default. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 567, 941 A.2d 248 (2008). "The appropriate standard for reviewability of [a procedurally defaulted claim] . . . is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . Therefore, attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of [trial and] appellate procedure." (Citations omitted; internal quotation marks omitted.) *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001).

Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. See, e.g., *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 734, 779 A.2d 156 (2001). "[When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the

reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." *Daniels* v. *Warden*, 28 Conn. App. 64, 72, 609 A.2d 1052, cert. denied, 223 Conn. 924, 614 A.2d 820 (1992).

In the present case, the respondent stated in the return that count one of the petitioner's habeas petition was procedurally defaulted because the petitioner had neither filed a motion to withdraw his *Alford* plea in the trial court nor appealed directly from the judgment of conviction in the assault case. The respondent also raised this defense in her pretrial brief to the habeas court. The petitioner stated in his reply that neither the trial court nor his attorney had advised him that he could withdraw his *Alford* plea on the ground that enforcement of the "no arrest" condition violated his due process rights and that the lack of such advice constituted "cause for any alleged procedural default." The petitioner also stated that, "[i]nsofar as procedural default may be found at [the habeas] trial, [the] petitioner asserts that he shall prove both cause and prejudice at [the] trial." The petitioner did not allege cause and prejudice in his pretrial brief to the habeas court and did not present any evidence of cause and prejudice at the habeas trial.

In its articulation, the habeas court stated that, because "neither [the] petitioner nor [the] respondent in any way addressed whether the petitioner was procedurally defaulted or the cause and prejudice to rebut that affirmative defense," the defense had been abandoned. In reliance on this statement, the petitioner claims on appeal that the respondent waived the defense. The respondent contends that the habeas court's conclusion that the defense was waived was incorrect. We agree with the respondent. As we have indicated, once the respondent raised the defense in her return, the burden shifted to the petitioner to allege and *prove*

cause and prejudice. Because the petitioner failed to do so, his claims are procedurally defaulted.

The petitioner claims, however, that the respondent failed to meet her burden of producing evidence to support the defense of procedural default, and, therefore, the burden of proving cause and prejudice did not shift to him. We disagree. To satisfy her burden, the respondent was required to establish only that the petitioner had not filed a motion to withdraw his guilty plea and had not directly appealed from the judgment of conviction. See, e.g., *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 567. The respondent made those allegations both in the return and in the pretrial brief that she filed with the habeas court. Although the respondent presented no evidence in support of those claims, the claims were undisputed. Indeed, the petitioner expressly stated in his petition that he had not raised his claims in the trial court or on direct appeal and admitted during questioning by his own counsel at the habeas trial that he had not attempted to withdraw his guilty plea at sentencing. Accordingly, we reject this claim.

The petitioner further claims that there was no procedural default because, when a trial court imposes a sentence that does not comport with the plea agreement, that court has an affirmative obligation to provide the defendant with an opportunity to withdraw his guilty plea. See *State* v. *Reid*, 204 Conn. 52, 57–58, 526 A.2d 528 (1987) (trial court has affirmative duty to advise defendant of right to withdraw guilty plea before imposing sentence in excess of agreed on sentence); see also Practice Book § 39-9;[10] *Miller* v. *Commissioner*

[10] Practice Book § 39-9 provides: "If the case is continued for sentencing, the judicial authority shall inform the defendant that a different sentence from that embodied in the plea agreement may be imposed on the receipt of new information or on sentencing by another judicial authority, but that if such a sentence is imposed, the defendant will be allowed to withdraw his or her plea in accordance with Section 39-26 through 39-28."

*of Correction,* 29 Conn. App. 773, 780, 617 A.2d 933
(1992) ("[t]he trial court is obligated to provide the
mechanism for the defendant to withdraw his plea and
there is no affirmative obligation placed on the defen-
dant to make a motion to withdraw the plea after the
imposition of a sentence that does not comport with
the plea agreement"); id., 779 (failure of trial court to
comply with rule of practice requiring court to advise
defendant that, if court rejects agreed on sentence, then
defendant can withdraw guilty plea is plain error); cf.
*Santobello* v. *New York,* 404 U.S. 257, 261–63, 92 S. Ct.
495, 30 L. Ed. 2d 427 (1971) (when court determined
that prosecutor had violated plea agreement, judgment
was vacated and case was remanded for determination
of whether plea agreement should be specifically en-
forced or whether defendant should be allowed to with-
draw guilty plea).

The flaw in the petitioner's argument is that the trial
court in the present case neither *voided* the plea agree-
ment that it previously had accepted at the plea canvass
nor imposed a sentence that did not comport with the
agreement. Rather, the court *enforced* the plea agree-
ment, including the "no arrest" condition. Thus, the
trial court had no obligation under Practice Book § 39-
9 sua sponte to provide the petitioner with an opportu-
nity to withdraw his guilty plea and did not commit
plain error in failing to do so. See *State* v. *Garvin,* supra,
242 Conn. 314 n.19 (when trial court enforces condition
of plea agreement allowing court to increase sentence,
rule of practice requiring court to allow defendant to
withdraw guilty plea if court rejects plea agreement
does not apply). Accordingly, the cases on which the
petitioner relies in support of his claim are inapposite.

Nevertheless, the petitioner claims that, because the
plea canvass on the "no arrest" condition was inade-
quate, he was unaware that, if he were to violate the
condition, he would not receive the sentence that ini-

tially induced him to enter into the plea agreement. Therefore, he contends, the rationale underlying *Reid*, *Miller* and *Santobello* still applies. We disagree. If we were to accept the petitioner's argument, every claim of an inadequate plea canvass would be entitled to habeas review, regardless of whether the petitioner had raised the claim in the trial court or on direct appeal and regardless of whether the petitioner proved cause and prejudice. The petitioner has cited no authority for this novel proposition. Accordingly, we conclude that the judgment of the habeas court should be affirmed on the alternate ground that count one of the petitioner's habeas petition was procedurally defaulted.

## II

We next address the respondent's claim on appeal. The respondent claims that the habeas court incorrectly concluded that the petitioner's trial counsel had rendered ineffective assistance of counsel in failing to request an increase in the petitioner's bond in the assault case after the petitioner's arrest and incarceration in lieu of bond in the drug case. We conclude that this claim was not preserved for appellate review.

The following additional facts and procedural history are relevant to our resolution of this claim. The petitioner was arrested in connection with the assault case on October 14, 2001, and spent one night in prison before being released on a $15,000 bond. He was arrested in connection with the drug case on March 28, 2003, and confined pending arraignment. At the arraignment on March 31, 2003, the trial court, *Ginocchio, J.*, appointed Robin Smith, an assistant public defender, to represent the defendant at the bond hearing. The court set a $150,000 bond, and the petitioner was confined in lieu of posting the bond.

The sentencing hearing in the assault case was held on April 17, 2003. At that hearing, the petitioner was

represented by Daniel Dilzer. As we previously indicated, the state informed the trial court at that hearing that the petitioner had been arrested in the drug case and requested that the trial court impose the maximum ten year sentence in the assault case. As we also indicated, the trial court continued the sentencing hearing until May 8, 2003, in order to allow the petitioner to review the transcript of the plea canvass in the assault case. At the May 8, 2003 hearing, the trial court imposed a five year sentence.

In his habeas petition, the petitioner claimed that, because Dilzer had failed to ensure that the time that he had been confined before May 8, 2003, would be credited against his sentence in the assault case pursuant to General Statutes (Rev. to 2001) § 18-98d,[11] he provided him with ineffective assistance. Specifically, the petitioner claimed that, after he was arrested in the drug case, Dilzer should have requested that the bond in the assault case be increased so that the petitioner would be deemed to be confined in lieu of bond in that case also.[12] In the return, the respondent left the petitioner to his proof on this claim. In her pretrial brief to the habeas court, however, the respondent contended that Dilzer's representation was not deficient and that the petitioner was not prejudiced by Dilzer's performance. Specifically, the respondent contended

[11] General Statutes (Rev. to 2001) § 18-98d (a) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution . . . because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed . . . ."

[12] This court held in *Payton* v. *Albert*, 209 Conn. 23, 31–32, 547 A.2d 1 (1988), overruled in part on other grounds by *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 756 A.2d 1264 (2000), that § 18-98d does not permit "the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense."

that Dilzer's representation was not deficient because he had not been aware of the petitioner's arrest in the drug case and that, in any event, any failure to ensure that the petitioner would receive presentence confinement credit in the assault case could not have affected the outcome of the plea process in that case.

At the habeas trial, Michelle Deveau, a records specialist for the respondent, testified that, on May 29, 2003, the defendant was sentenced to six months imprisonment in the drug case. The petitioner received thirty-eight days of presentence confinement credit against that sentence for his incarceration from March 31, 2003, the date of his arraignment in the drug case, through May 8, 2003, the date of his sentencing in the assault case. The petitioner received no credit against his five year sentence in the assault case for that period because he had not been incarcerated in lieu of bond in that case.[13]

Dilzer testified at the habeas trial that presentence confinement credit had not been an issue when the petitioner agreed to plead guilty in the assault case because he was free on bond at the time. The petitioner provided similar testimony.

The habeas court concluded that Dilzer was or should have been aware on April 17, 2003, the date of the sentencing hearing in the assault case, that the petitioner had been arrested in the drug case. The court further concluded that Dilzer should have requested an increase in the petitioner's bond in the assault case at that time and that, if he had done so, the petitioner would have been entitled to twenty-one days of presentence confinement credit in that case for his incarcera-

---

[13] The petitioner received presentence confinement credit in the assault case for previous periods of incarceration. That credit is not at issue in this appeal.

tion from April 17 through May 8, 2003.[14] Accordingly, the habeas court granted relief to the petitioner on that claim by ordering the respondent to credit the petitioner with twenty-one days of presentence confinement credit. After the habeas court issued its ruling, counsel for the respondent reiterated her position that, "when a claim of ineffective assistance of counsel [is] made and it is found to have merit, the remedy under *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)] is a new trial . . . ."

On appeal, the respondent claims that the habeas court incorrectly determined that Dilzer's representation was deficient and that the petitioner was entitled to relief in the form of presentence confinement credit. Specifically, the respondent contends that (1) the failure to request an increase in bond under these circumstances does not implicate the sixth amendment right to effective assistance of counsel, (2) an attorney of ordinary skill and training would not have had the foresight to consider the application of the complex presentence confinement credit scheme under these circumstances, (3) because the petitioner presented no expert testimony on the issue of prevailing standards of representation, there was insufficient evidence to support the finding of ineffective assistance of counsel, and (4) because the application of presentence confinement credit can have no effect on the judgment in a criminal case, and because, to establish ineffective assistance of counsel, the petitioner must "show that there is a

---

[14] Instead, as we have indicated, the petitioner received thirty-eight days of presentence confinement credit for his incarceration from March 31, 2003, through May 8, 2003, in the drug case. That credit would not result in the petitioner's earlier release, however, because the six month sentence in that case was to be served concurrently with his five year sentence in the assault case. Pursuant to *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 823, 860 A.2d 715 (2004), when concurrent sentences are imposed on different days, the presentence confinement credit that accrued in one case is utilized fully on the date that the credit is applied to that sentence.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); the petitioner could not show that he was prejudiced by Dilzer's failure to request an increase in bond. In other words, the respondent effectively contends that, because the only relief that the habeas court was authorized to grant was the invalidation of the petitioner's guilty plea, and because the application of presentence confinement credit to his sentence could not have been a factor when the petitioner agreed to plead guilty, his claim must fail. The petitioner disputes these claims and further contends that they were not preserved in the habeas court. We agree with the petitioner that the claims were not preserved for review.

In her pretrial brief to the habeas court, the respondent made two claims: (1) Dilzer's failure to request an increase in bond in the assault case could not have constituted ineffective assistance of counsel because he had not been aware of the petitioner's arrest and confinement in the drug case; and (2) even if Dilzer's performance had been deficient, the petitioner could not prevail because, under *Hill* v. *Lockhart,* supra, 474 U.S. 59, the petitioner was required to establish that the deficient representation "affected the outcome of the plea process," and he could not do so.[15] With respect to the first claim, the habeas court found that Dilzer had known of the petitioner's arrest in the drug case as of April 17, 2003, and the respondent does not challenge that finding on appeal. The trial court did not make any specific findings with respect to the respon-

---

[15] The respondent also suggested in her pretrial brief that the petitioner voluntarily had remained in confinement in the drug case instead of posting bond and never requested that Dilzer increase his bond in the assault case. The respondent did not explain, however, why these facts would defeat a claim of ineffective assistance of counsel.

dent's second claim. We note, however, that *Lockhart* stands only for the proposition that, when a petitioner has claimed in a habeas proceeding that *his guilty plea was invalid* due to the ineffective assistance of counsel, the petitioner must establish that, but for the deficient representation, his decision to plead guilty would have been different. See id. In count three of his habeas petition, the petitioner did not seek to invalidate his guilty plea but, rather, sought the application of presentence confinement credit to his assault sentence. Contrary to the respondent's argument to the habeas court, *Lockhart* does not stand for the proposition that the sole relief that the habeas court can provide when a petitioner has claimed ineffective assistance of counsel is the invalidation of a guilty plea. Accordingly, the habeas court reasonably could have concluded that *Lockhart*, in and of itself, did not preclude the relief that the petitioner sought.

The other legal grounds that the respondent offers in support of her claim on appeal that the habeas court improperly ordered the respondent to apply the presentence confinement credit to the petitioner's sentence were not raised in the habeas court. It is well established that "[a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . . For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Citation omitted; internal quotation marks omitted.) *Albermarle Weston Street, LLC* v. *Hartford*, 104 Conn. App. 701, 709–10, 936 A.2d 656 (2007). Accordingly, we conclude that these claims were not preserved for review by this court.

We emphasize that we express no opinion as to whether a habeas court properly may grant relief in the form of presentence confinement credit when the

petitioner's counsel has failed to take steps to ensure that the petitioner was confined in lieu of bond in the case under review. We conclude only that the respondent's claim in the present case that no such relief is available is not reviewable because it was not properly raised in the habeas court.

The judgment is affirmed.

In this opinion the other justices concurred.