******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JUAN GUZMAN *v.* ZEYNULLAH YEROZ ET AL.
(AC 37436)

Keller, Prescott and Cremins, Js.

*Argued April 4—officially released August 2, 2016*

(Appeal from Superior Court, judicial district of New Haven, Hon. John C. Flanagan, judge trial referee [judgment]; Frechette, J. [motion to open judgment].)

*Hugh D. Hughes*, for the appellant (named defendant).

*Robert F. Carter*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. The defendant Zeynullah Yeroz appeals from the trial court's denial of his motion to open the judgment, rendered after a hearing in damages, awarding the plaintiff, Juan Guzman, compensatory and statutory damages for personal injuries that Guzman suffered while employed in a pizza restaurant owned and operated by the defendant.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff sustained a serious laceration and permanent injury to his left hand while working for the defendant in the defendant's restaurant. Because the defendant did not have workers' compensation insurance, the plaintiff brought this action against the defendant pursuant to General Statutes § 31-284 (b). The plaintiff's complaint alleged that the defendant failed to provide a reasonably safe work environment and that his employment was terminated unlawfully by the defendant in retaliation for the plaintiff's attempt to exercise his rights under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. See General Statutes § 31-290a. The plaintiff sought compensatory damages for his injuries and punitive damages for the defendant's violation of § 31-290a.

The defendant, who was served "in hand" with the summons and complaint, was subsequently defaulted for failure to appear.[2] The court, *Hon. John C. Flanagan*, judge trial referee, conducted a hearing in damages, at which the defendant also did not appear. Following the hearing, the court, in a written memorandum of decision, awarded the plaintiff $287,570 in compensatory damages, and $96,500 in punitive damages for the defendant's wilful violation of the act. The court awarded the plaintiff a total of $386,070.[3] Judgment entered accordingly on June 23, 2014.

On August 6, 2014, forty-four days after judgment was rendered, the defendant first appeared in this action and moved to open the judgment. In his motion to open, the defendant asserted that he never had been served with the complaint, and, thus, he was prevented from defending the action "by [reason of] mistake, accident or other reasonable cause . . . ." General Statutes § 52-212.

On November 5, 2014, the court, *Frechette, J.*, denied the defendant's motion to open. The court concluded, after an evidentiary hearing, that the defendant's testimony that he lacked knowledge of this action and was never served with process was not credible.

On November 24, 2014, the defendant filed this appeal. Despite the fact that the twenty day period in which to appeal from the judgment on the complaint had expired on July 14, 2014; see Practice Book § 63-1 (a); and the defendant's motion to open the judgment

was not filed within that period; see Practice Book § 63-1 (c) (1); *Worth* v. *Korta*, 132 Conn. App. 154, 158–59, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012); the defendant's appeal form indicates that he is attempting to appeal from both the original judgment and the denial of the motion to open. The plaintiff, however, did not move to dismiss that portion of the appeal challenging the merits of the underlying judgment.

In his preliminary statement of the issues and his brief on appeal, the defendant has not raised any challenge to the court's denial of the motion to open. Instead, the defendant's claims on appeal address only the merits of the underlying judgment. Specifically, the defendant claims in his brief that the trial court (1) improperly found that the plaintiff suffered a permanent disability to his left hand because the expert report admitted at the hearing in damages states that the injury was to the plaintiff's right hand, (2) awarded excessive non-economic damages, and (3) improperly construed the act to permit an award of punitive damages under the circumstances of this case.

Following oral argument before this court, we ordered the parties to file simultaneous supplemental briefs addressing two questions: "Should this court review the merits of the underlying judgment rendered after a hearing in damages when the appellant did not file a motion to open or a direct appeal within twenty days of the date the court issued notice of its judgment on June 23, 2014? (See *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 651, [72 A.3d 406] [2013]; Practice Book § 63-1 [b] and [c] [1])"; and "If we conclude the appellant's claims are reviewable, since he failed to appear at the hearing in damages to raise and preserve any evidentiary or legal issues, is our standard of review limited to plain error review?"

In his supplemental brief, the defendant concedes that his appeal from the judgment on the merits was untimely. He argues, however, that because the appeal period in this case is set by the Practice Book and, therefore, is not jurisdictional in nature, the plaintiff waived his right to challenge the untimeliness of the appeal because he failed to file, pursuant to Practice Book § 66-8, a motion to dismiss that portion of the appeal within ten days of the filing of the appeal. Regarding the standard of review, the defendant, relying on California case law, contends that this court should review the trial court's factual findings made after the hearing in damages pursuant to a clearly erroneous standard. The defendant's supplemental brief is silent as to the standard of review that he believes this court should apply in reviewing his claim that the court improperly interpreted the act when it awarded the plaintiff punitive damages, but his principal brief contended that this court should engage in plenary review

of his claims of legal error.

The plaintiff contends in his supplemental brief that even though he failed to file a motion to dismiss that portion of the appeal challenging the judgment on the merits, this court should decline to review the judgment on the merits.[4] Specifically, the plaintiff relies upon our decision in *Dziedzic* v. *Pine Island Marina, LLC*, supra, 143 Conn. App. 651, in which we refused to entertain on appeal a challenge to the merits of a judgment in similar circumstances: "[I]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal. . . . The defendant's failure to file its motion to open within twenty days of the notice of judgment precludes review of its . . . claims [challenging the propriety of the merits of the underlying judgment] . . . ." (Citation omitted; internal quotation marks omitted.) Id.

Our decision in *Dziedzic*, however, is silent as to whether the appellee in that case had filed a motion to dismiss the portion of the appeal challenging the underlying merits of the judgment. We conclude, in the circumstances of this case, that it is unnecessary to decide whether the rule set forth in *Dziedzic* and in other cases should apply only if the appellee files a motion to dismiss the portion of the appeal purporting to challenge the merits of the underlying judgment. Instead, we conclude that even if the defendant is somehow entitled to review of the merits of the underlying judgment, he cannot prevail on that challenge because all of his claims pertaining to that judgment are unpreserved and he is not entitled to relief under the plain error doctrine.

As previously discussed, the defendant did not appear at the hearing in damages to present to the trial court any legal or factual objections to the plaintiff's claims. "Our appellate courts, as a general practice, will not review claims made for the first time on appeal. . . . [A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The purpose of our preservation

requirements is to ensure fair notice of a party's claims to both the trial court and opposing parties. . . . These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act." (Citations omitted; footnote omitted; internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619–20, 99 A.3d 1079 (2014).

On appeal, the defendant has not affirmatively requested plain error relief. "[I]t is well established that this court [is not obligated to] apply the plain error doctrine when it has not been requested affirmatively by a party . . . ." *Connecticut Light & Power Co.* v. *Gilmore*, 289 Conn. 88, 125 n.26, 956 A.2d 1145 (2008);[5] see also, e.g., *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 60, 951 A.2d 520 (2008) (declining to apply plain error doctrine in absence of affirmative request for such review); *Robert J. Barnabei Contracting, LLC* v. *Greater Hartford Jewish Community Center, Inc.*, 127 Conn. App. 507, 519, 14 A.3d 461 (same), cert. denied, 301 Conn. 914, 19 A.3d 1260 (2011).

Even if a party were not obligated to affirmatively request relief under the plain error doctrine, we conclude that such relief would not be appropriate in this case. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . [T]he plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Darryl W.*, 303 Conn. 353, 371–73, 33 A.3d 239 (2012).

After a thorough review of the record and the defendant's challenges to the merits of the underlying judgment, we see nothing in the factual findings and legal conclusions of the trial court that would meet this extraordinarily high standard. Accordingly, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This action was initiated by the plaintiff against Yeroz and the defendant Avellino's Apizza Restaurant, LLC. At the hearing in damages in this matter, the plaintiff represented that, in essence, he was withdrawing his claim against the restaurant. Accordingly, the court rendered judgment against Yeroz only. We therefore refer to Yeroz as the defendant.

We also note that the Second Injury Fund was permitted by the trial court to intervene and file an intervening complaint, which remains pending. The judgment against the defendant, however, is a final judgment for purposes of appeal because judgment was rendered on the entire complaint filed by the plaintiff against the defendant. See Practice Book § 61-2. The Second Injury Fund did not participate in this appeal.

[2] The entry of a default judgment conclusively establishes the facts alleged

in the plaintiff's complaint. *Smith* v. *Snyder*, 267 Conn. 456, 468, 839 A.2d 589 (2004).

[3] We note the arithmetic error, but it was not challenged by the plaintiff. See *O'Connell* v. *O'Connell*, 101 Conn. App. 516, 519 and n.4, 922 A.2d 293 (2007); cf. *Milazzo* v. *Schwartz*, 88 Conn. App. 592, 597, 871 A.2d 1040 (2005).

[4] The plaintiff also argues that, even if the defendant is entitled to any review of the merits of the underlying judgment, the decision should be reversed only for plain error.

[5] In *State* v. *Elson*, 311 Conn. 726, 740–55, 91 A.3d 862 (2014), our Supreme Court overruled prior decisions that held that if a party seeks review of an unpreserved constitutional claim, it must first affirmatively request relief under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The court, however, has not disturbed its prior decisions requiring that a party must affirmatively request relief under the plain error doctrine. Although in *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014), our Supreme Court reiterated that a reviewing court is not *precluded* from raising issues involving plain error sua sponte; id., 161–162; it also clarified in a footnote that a court is not obligated to raise or consider plain error *if a party has failed to do so*. Id., 162 n.33. In other words, a party must raise plain error itself to be *entitled* to its application. We also note that the defendant has not asserted on appeal that any of his claims are of constitutional magnitude.