******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GEORGE BERKA *v.* CITY OF
MIDDLETOWN ET AL.
(AC 43853)

Alvord, Elgo and Albis, Js.

*Syllabus*

The plaintiff appealed to the Superior Court from the decision of the defendant citation hearing officer for the defendant city of Middletown upholding a citation assessed against him for violating the city's anti-blight ordinance. The court upheld six of the seven blight violations alleged against the plaintiff and calculated a resulting fine, from which the plaintiff appealed to this court. *Held*:

1. The trial court properly granted the defendants' motion to strike the plaintiff's request for a jury trial; the plaintiff cited no authority that would support his challenge to the plain language of the rule of practice (§ 23-51) that governs petitions to reopen citation assessments and provides that there is no right to a hearing before a jury in such circumstances.

2. The plaintiff could not prevail on his claim that the citation hearing officer had a conflict of interest: the plaintiff never raised this issue before the citation hearing officer, which precluded him from raising the issue on appeal; moreover, even if the citation hearing officer had a conflict of interest, the hearing on appeal before the trial court was a de novo proceeding, and any possible prejudice would have been cured because the decision of the trial court, not that of the citation hearing officer, was on appeal.

3. This court declined to address the merits of the plaintiff's constitutional claims as they were not properly before the trial court, which never ruled on them, and could not be reviewed for the first time on appeal: the plaintiff filed a request to amend his complaint that included constitutional claims three days prior to the de novo hearing, and his attempted amendment failed to comport with the requirements of the rules of practice (§§ 10-1 and 10-60) regarding the amendment of pleadings, such that the court sustained the defendants' objection to the plaintiff's request to amend; accordingly, the court did not abuse its discretion in refusing to permit the plaintiff to amend his petition or to argue those constitutional issues at the de novo hearing.

4. The trial court's factual findings challenged by the plaintiff on appeal were not clearly erroneous; the findings were supported by evidence in the record, and this court was not left with a definite and firm conviction that any mistake had been committed.

Argued February 3—officially released June 8, 2021

*Procedural History*

Petition to reopen a citation assessment issued by the named defendant, brought to the Superior Court in the judicial district of Middlesex, where the court, *Domnarski, J.*, granted the defendants' motion to strike the plaintiff's claim for a jury trial; thereafter, the court, *Hon. Edward S. Domnarski*, judge trial referee, rendered judgment denying the petition, from which the plaintiff appealed to this court. *Affirmed.*

*George Berka*, self-represented, the appellant (plaintiff).

*Brig Smith*, general counsel, for the appellees (defendants).

*Opinion*

ALBIS, J. The plaintiff, George Berka, appeals from the judgment of the trial court denying his petition to reopen a municipal blight citation assessment and upholding a failure to pay fines notice issued by the defendant city of Middletown (city), with respect to six blight violations that existed on the plaintiff's rental property located at 5 Maple Place in Middletown (property). Specifically, the plaintiff claims that (1) he should have been granted a jury trial, (2) he should have been allowed to raise constitutional issues related to the blight ordinance at his appeal hearing, (3) the blight citation violated his constitutional rights, (4) boarded windows should not constitute blight, (5) it was neither fair nor reasonable to expect him to pour concrete and to paint in the winter, (6) the blight enforcement officer was not qualified to make structural assessments about the property, (7) the siding on his home was not "seriously damaged," (8) the outside structural walls of his home were watertight, (9) there was no garbage, rubbish, or refuse being stored or accumulated in public view, and (10) the hearing officer, defendant Sylvia K. Rutkowska,[1] had a conflict of interest. We disagree, and, accordingly, affirm the judgment of the trial court.

The following chronology is drawn from the trial court's memorandum of decision. "By letter dated January 10, 2018, the [city] gave the plaintiff a notice of blight for [the property] . . . . The notice referred to seven blight conditions.[2] . . . The [city] issued the plaintiff a blight citation on February 14, 2018, for the seven separate violations of the blight ordinance and imposed a $100 per day civil fine for each violation. . . . On March 28, 2018, the [city] issued a failure to pay fines notice for blight violations. . . . The failure to pay fines notice stated that accumulated fines totaled $29,400 (42 days x $700). The notice also advised the plaintiff of his right to appeal. An appeal hearing was conducted by a citation hearing officer on May 2, 2018. The hearing officer issued a revised notice of decision/assessment on May 7, 2018, assessing fines through the date of the appeal, which resulted in a total of $53,900 (77 days x $700)." (Citations omitted; footnote added.)

The plaintiff appealed that decision to the Superior Court by filing a petition to reopen a municipal blight citation assessment pursuant to General Statutes § 7-152c (g) and Practice Book § 23-51,[3] and the court held a de novo hearing on the petition on November 7, 2019.[4] At that hearing, the court heard testimony from Michelle Ford, the blight enforcement officer for the city at the time of the May 2, 2018 hearing. Ford testified that she had inspected the subject property on February 13, 2018, and March 27, 2018, that she took photographs of the alleged blight conditions on both occasions, and that she issued the blight citation and failure to pay fines notices. In its January 16, 2020 memorandum of

decision, the court upheld six of the seven blight violations.[5] The court explained that it had "carefully considered Ford's testimony and thoroughly reviewed the [inspection] photographs," and that it found that six violations existed on, and the fines accrued from, February 14, 2018, through March 27, 2018. The court calculated the resulting fine as $25,200 (42 days x $600). This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff claims that he was entitled to a jury trial in his appeal of the blight citation. We disagree.

The following additional facts are relevant to our resolution of this claim. On November 13, 2018, the plaintiff requested a jury trial of his appeal. On October 30, 2019, the defendants filed a motion to strike the plaintiff's request for a jury trial on the ground that there is no right to a jury trial in citation assessment appeals pursuant to Practice Book § 23-51 (c). On November 6, 2019, the court granted the defendants' motion.

The plaintiff's claim is governed by Practice Book § 23-51, which is titled "Petition To Open Parking or Citation Assessment," and provides in subsection (c) that "[t]he hearing on the petition shall be de novo. There shall be no right to a hearing before a jury." Nevertheless, the plaintiff argues that "blight citations are grouped together with parking tickets, which are generally around $20 . . . . Perhaps the authors here had these types of 'small' citations in mind when writing this section, and it is understandable that they likely saw these small citations as 'too trivial' to warrant a jury trial. However, a $53,900 blight fine is a 'far cry' from a $20 parking ticket! Doesn't a case in which a person's home is on the line deserve a hearing before a jury?" The plaintiff cites no authority that would support his challenge to the plain language of § 23-51. We are not persuaded, and, accordingly, the trial court properly granted the defendants' motion to strike the plaintiff's request for a jury trial.

II

The plaintiff next claims that Rutkowska "may have had a conflict of interest." He claims that "[p]rior to being permitted to appeal his blight citation to the Superior Court, [he was required to] attend a hearing on the matter before the city officials and a 'citation hearing officer,' whom the city designates. Th[e] hearing officer who presided over this hearing . . . Rutkowska, is actually a local attorney, who has business dealings and an attorney-client relationship with the city." (Emphasis omitted.) The plaintiff, therefore, claims that Rutkowska was unlikely to be objective and that her potential conflict of interest "may have caused the plaintiff to be prejudiced . . . ."

At oral argument before this court, the plaintiff conceded that he never raised this issue at the hearing before Rutkowska. The failure to raise the claim of bias of the administrative hearing officer at the time of the hearing precludes the plaintiff from raising the issue on appeal. See *Moraski* v. *Connecticut Board of Examiners of Embalmers & Funeral Directors*, 291 Conn. 242, 261–62, 967 A.2d 1199 (2009). Moreover, even if Rutkowska did have a conflict of interest, as the plaintiff claimed, the hearing on appeal before the trial court was a de novo proceeding, and, therefore, any possible prejudice would be cured. Because the decision of the trial court, and not that of Rutkowska, is currently on appeal, we agree with the court that the de novo hearing on appeal before the trial court cured any possible prejudice to the plaintiff.

III

We next turn to the plaintiff's two constitutional arguments. The plaintiff claims that (1) he should have been permitted to raise constitutional issues with respect to his blight citation during the appeal hearing, and (2) the blight citation violated the first, fourth, fifth, and eighth amendments to the United States constitution. We conclude that the trial court did not abuse its discretion in denying the plaintiff's requests to raise those constitutional claims, and, consequently, we decline to address them on their merits.

The following additional facts are relevant to our resolution of these claims. On November 4, 2019, the plaintiff filed a request to amend the complaint and an amended complaint[6] that included his constitutional claims. The defendants objected to that request on November 5, 2019, and the court sustained their objection on December 5, 2019. Nevertheless, the plaintiff notes in his appellate brief that, "during the hearing, the plaintiff had again asked the judge if he could present testimony as to why he believed this entire blight citation to be unconstitutional in the first place, and, again, the judge denied the plaintiff's request."

Practice Book § 10-60 provides in relevant part: "(a) . . . [A] party may amend his or her pleadings . . . at any time . . . in the following manner: (1) By order of judicial authority; or (2) By written consent of the adverse party; or (3) By filing a request for leave to file an amendment together with . . . (B) an additional document showing the portion or portions of the original pleading or other parts of the record or proceedings with the added language underlined and the deleted language stricken through or bracketed. . . .

"(b) The judicial authority may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. . . ." "Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court

will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [amending party's] burden . . . to demonstrate that the trial court clearly abused its discretion." (Internal quotation marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 184, 73 A.3d 742 (2013).

Practice Book § 23-51 provides in relevant part: "(a) Any aggrieved person who wishes to appeal a parking or citation assessment issued by a town, city, borough or other municipality shall file with the clerk of the court within the time limited by statute a petition to open assessment with a copy of the notice of assessment annexed thereto. . . .

"(b) Upon receipt of the petition, the clerk of the court . . . shall set a hearing date on the petition and shall notify the parties thereof. There shall be no pleadings subsequent to the petition."

The record reveals that the plaintiff filed his request to amend on November 4, 2019, merely three days prior to the de novo hearing that was held on November 7, 2019, and that his attempted amendment failed to comport with the requirements of Practice Book §§ 10-1 and 10-60 (a) (3). Accordingly, we conclude that the trial court did not abuse its discretion in refusing to permit the plaintiff to amend his petition or to argue those constitutional issues at the de novo hearing.

Consequently, because the plaintiff's constitutional arguments were not properly before the trial court, which, therefore, never ruled on them, we cannot review them for the first time on appeal. "Our appellate courts, as a general practice, will not review claims made for the first time on appeal." (Internal quotation marks omitted.) *Guzman* v. *Yeroz*, 167 Conn. App. 420, 426, 143 A.3d 661, cert. denied, 323 Conn. 923, 150 A.3d 1152 (2016). "It is well established that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 498, 944 A.2d 340 (2008). "[A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court." (Citations omitted; internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 170–71, 745 A.2d 178 (2000); see also Practice Book § 60-5. Accordingly, we decline to address the merits of the plaintiff's constitutional claims.

IV

Finally, the plaintiff challenges six of the trial court's findings of fact. Specifically, he claims that boarded windows should not constitute blight, that it was neither fair nor reasonable to expect him to pour concrete and

to paint in the winter, that the blight enforcement officer was not qualified to make structural assessments about the property, that the siding on his home was not "seriously damaged," that the outside structural walls of his home were watertight, and that there was no garbage, rubbish, or refuse being stored or accumulated in public view. We conclude that the court's factual findings are not clearly erroneous.

"The trier of facts is the judge of the credibility of the testimony and of the weight to be accorded it. . . . [A finding of fact] will not be reversed or modified unless it is clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . The weight to be given to the evidence and to the credibility of witnesses is solely within the determination of the trier of fact. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Cohen* v. *Roll-A-Cover, LLC*, 131 Conn. App. 443, 450–51, 27 A.3d 1, cert. denied, 303 Conn. 915, 33 A.3d 739 (2011).

The factual findings challenged by the plaintiff on appeal were supported by evidence in the record, and we are not left with a definite and firm conviction that any mistake has been committed. With respect to the plaintiff's claim that he should not have been required to paint and pour concrete in the winter, we further note that the plaintiff conceded at oral argument before this court that he did not request additional time from the city to comply with those requirements in warmer weather. Additionally, we need not reach the issue of the blight enforcement officer's qualifications, because the trial court determined independently, after reviewing the photographs of the property, that the structural blight conditions existed. The trial court's findings are not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In this opinion we refer to the city and Rutkowska individually by name where necessary and collectively as the defendants.

[2] In its decision, the court noted the blight conditions referenced in the notice of blight as follows: "(1) missing, broken or boarded windows or doors, if the building is not vacant or abandoned . . . (2) broken glass, crumbling stone or other conditions reflective of deterioration or inadequate maintenance . . . (3) a collapsing or missing exterior wall, roof, floor, stairs, porch, railings, basement hatchways, chimneys, gutters, awnings or other features . . . (4) siding or roofing that is seriously damaged, missing, faded or peeling; (5) the outside structure walls are not weather[tight] [or] watertight, that is evidenced by having any holes, loose boards, or any broken,

cracked or damaged siding that admits rain, cold air, dampness, rodents, insects or vermin . . . (6) garbage, rubbish, refuse, accumulating refuse, putrescible items, trash or other accumulated debris that is being stored or accumulated in public view . . . [and] (7) abandoned or inoperable vehicles are improperly stored on the premises . . . ." (Citations omitted.)

[3] General Statutes § 7-152c (g) provides: "A person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee in an amount equal to the entry fee for a small claims case pursuant to section 52-259, at a superior court facility designated by the Chief Court Administrator, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court."

Practice Book § 23-51 provides: "(a) Any aggrieved person who wishes to appeal a parking or citation assessment issued by a town, city, borough or other municipality shall file with the clerk of the court within the time limited by statute a petition to open assessment with a copy of the notice of assessment annexed thereto. A copy of the petition with the notice of assessment annexed shall be sent by the petitioner by certified mail to the town, city, borough or municipality involved.

"(b) Upon receipt of the petition, the clerk of the court, after consultation with the presiding judge, shall set a hearing date on the petition and shall notify the parties thereof. There shall be no pleadings subsequent to the petition.

"(c) The hearing on the petition shall be de novo. There shall be no right to a hearing before a jury."

[4] The parties refer to the petition as a "complaint."

[5] With respect to the seventh alleged violation, the court found that there was no evidence to establish that the trailer stored on the plaintiff's property was mechanically inoperable.

[6] See footnote 4 of this opinion.