******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BOARD OF EDUCATION OF THE CITY OF WATERBURY *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
## (AC 44570)

Cradle, Clark and DiPentima, Js.

*Syllabus*

The plaintiff employer appealed to the trial court from the decision of the defendant Commission on Human Rights and Opportunities sustaining a disability discrimination complaint filed by the defendant employee, L, and awarding L, inter alia, back pay and emotional distress damages. L, who is hearing impaired, was hired by the plaintiff in 2012 and assigned to a secretarial position in its education personnel department. She worked directly for the human resources assistant, M, and performed many of the same tasks as him and covered his duties when he was absent from the office. As a result of her hearing impairment, L tended to speak loudly, and, on occasion, coworkers had raised concerns to T, the department's interim director, about the volume of her voice. In addition, S, who worked in the civil service personnel department, had inquired whether there was something wrong with L and had told M that he thought that L was loud and unprofessional. In 2014, M informed L that he intended to retire the following year. M encouraged L to apply for his position, began teaching her any duties of the position that she was not already performing, and strongly supported her candidacy. In August, 2015, the position was posted online, and L submitted an application. L met the qualifications listed in the posting. Two weeks later, S had the job posting removed and revised because he felt that he had a vested interest in assuring that the position was filled correctly. S interviewed prospective candidates for the position. Six candidates were interviewed for the position and two, P and J, were hired. L was not granted an interview because S concluded that she did not satisfy the revised minimum requirement of four years of human resources experience set forth in the revised job posting. After M retired, L became the interim human resources assistant until P's employment commenced. In her complaint, L claimed that the plaintiff had discriminated against her on the basis of her physical disability by failing to interview and promote her. Following a hearing, the commission's human rights referee concluded that the plaintiff had unlawfully discriminated against L on the basis of her disability in violation of statute ((Rev. to 2015) § 46a-60 (a) (1)) and the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.), and awarded L back pay and emotional distress damages. The plaintiff appealed to the trial court, which dismissed the appeal and affirmed the commission's decision, concluding, inter alia, that the award of back pay was supported by substantial evidence and that the referee did not abuse her discretion in awarding emotional distress damages. On the plaintiff's appeal to this court, *held*:

1. The plaintiff could not prevail on its claim that the trial court improperly affirmed the commission's award of back pay because the award was not supported by substantial evidence: contrary to the plaintiff's contention, the referee's decision clearly indicated that the award of back pay was predicated on a finding that L would have been promoted to the human resources assistant position if not for the plaintiff's unlawful discrimination; moreover, the referee's conclusion that, in the absence of the unlawful discrimination, L would have been interviewed for and promoted to that position was supported by substantial evidence, as there was evidence that L had worked for the plaintiff for more than three years under M's supervision and guidance, M encouraged L to apply for his position, began training her on any duties she did not already perform, and participated in the candidate interviews, both T and M thought that L was more than qualified for the position because she already had experience performing the precise duties required, and

L held one of the preferred undergraduate degrees specified in the original job posting and had established relationships with personnel throughout the plaintiff's school district; furthermore, there was no merit to the plaintiff's contention that the referee improperly marshaled the evidence in favor of finding that L would have been chosen for the position because L placed only seventh on a civil service examination list, as the referee properly found that being placed on that list meant that the candidate was qualified for the position, and, although it was possible that L may not have been selected for the position, the referee properly resolved any uncertainty in favor of L in light of the remedial aims underlying the state's antidiscrimination laws.

2. This court declined to review the plaintiff's claim that the award of emotional distress damages was improper because the commission is not authorized to award compensatory damages pursuant to statute (§ 46a-58) in employment discrimination cases that fall within the scope of § 46a-60, as that claim was not raised before the commission or the trial court and, therefore, was not preserved for appellate review; moreover, this court declined the plaintiff's request to review its unpreserved claim pursuant to our supervisory authority over the administration of justice in light of our Supreme Court's recent decision in *Connecticut Judicial Branch* v. *Gilbert* (343 Conn. 90) because, having reviewed that decision, this court was not persuaded that the exercise of such authority was warranted.

Argued February 7—officially released May 24, 2022

*Procedural History*

Appeal from the decision of the human rights referee of the named defendant sustaining a complaint of disability discrimination filed by the defendant Cynthia Leonard against the plaintiff and awarding certain damages, brought to the Superior Court in the judicial district of New Britain, where the court, *Klau, J.*, rendered judgment dismissing the appeal and affirming the decision of the referee, from which the plaintiff appealed to this court. *Affirmed*.

*Daniel J. Foster*, corporation counsel, for the appellant (plaintiff).

*Michael E. Roberts*, human rights attorney, for the appellee (named defendant).

*Opinion*

CLARK, J. The plaintiff, the Board of Education of the City of Waterbury, appeals from the judgment of the trial court dismissing its administrative appeal and affirming the decision of the named defendant, the Commission on Human Rights and Opportunities (commission), which concluded that the plaintiff had discriminated against the defendant Cynthia Leonard on the basis of her physical disability by failing to interview and promote her. On appeal, the plaintiff claims that (1) the trial court improperly affirmed the commission's award of back pay because the award was not supported by substantial evidence and (2) the commission exceeded its statutory authority in awarding compensatory damages. We disagree with the plaintiff's first claim and decline to review the second claim because it is unpreserved. We, accordingly, affirm the judgment of the trial court.

The following facts, as found by the commission's presiding human rights referee (referee), and procedural history are relevant to this appeal. Leonard was hired by the plaintiff in 2012 and was assigned to a secretarial position in the education personnel department, which served as the human resources department for the Waterbury school district.[1] She worked directly for the human resources assistant, James Murray, until his retirement in 2015. Murray and Leonard were the only two employees in the education personnel department that supported the grant funded administrative and teaching positions within the school district. Leonard performed many of the same tasks as Murray and covered Murray's duties when he was absent from the office.

Leonard has a hearing impairment as a result of injuries she sustained in a motor vehicle crash in 1992. Consequently, she tends to speak loudly, particularly when speaking on the telephone. Her colleagues on occasion had raised concerns to Shuana Tucker, the education personnel department's interim director, about the volume of Leonard's voice. Leonard's hearing impairment was generally known throughout the education personnel department and by others, including Scott Morgan, a human resources generalist, who worked for Waterbury's civil service personnel department. See footnote 1 of this opinion. Morgan had inquired if there was something wrong with Leonard because she was very loud and had told Murray that he thought that Leonard was loud and unprofessional.

In fall of 2014, Murray informed Leonard that he intended to retire in September, 2015. Murray encouraged Leonard to apply for his position, began teaching her the particular duties of the job that she was not already performing, and strongly supported her candidacy for human resources assistant. Murray had trained

Leonard and thought she was an asset to the office. Tucker shared Murray's opinion of Leonard and both thought she was more than qualified for the position because she already was performing many of the duties and responsibilities required. On August 1, 2015, the job vacancy was posted online, and Leonard subsequently applied for the position.

The original job posting stated that applicants must have three years of human resources experience and that a bachelor's degree in human resources, business administration, or other related area was preferred. Leonard met those qualifications because she had worked for the plaintiff in its human resources department for more than three years, possessed a bachelor's degree in business administration, held a certificate in human resource management, and was working toward a master's degree in education. On her application, Leonard also noted that she had existing relationships with the schools, principals, and other staff that the education personnel department supported and that she already was performing the job requirements of the position. Leonard also passed the required civil service examination, ranking seventh on the list of candidates.

On or about August 14, 2015, Morgan learned that the vacant position had been posted online. Morgan felt that he had a " 'vested interest' " in assuring that the position was filled " 'correctly' " and instructed an employee to remove the job posting for the purpose of revising it. Morgan revised the posting to state that applicants were required to have four years of human resources experience and a bachelor's degree from an accredited university, no longer indicating a preference for applicants who possessed a human resources or business administration degree. According to Tucker, Morgan removed the posting without her department's authorization and did not follow standard practices when he revised the job requirements without the approval of the plaintiff's personnel committee.

Tucker had taken intermittent leave to care for a family member in August and early September, 2015. Morgan covered Tucker's duties while she was away from the office, including interviewing prospective candidates for the human resources assistant position. Leonard was not granted an interview because Morgan had concluded that she did not satisfy the revised minimum qualifications, which required applicants to have four years of human resources experience. Morgan and Murray interviewed six candidates and subsequently hired Anne Phelan and Jaclyn Planas.[2] Neither Phelan nor Planas possessed a bachelor's degree in human resources or business administration and neither of them had Leonard's experience supporting grant funded positions within the school district. After Murray retired in September, 2015, Leonard became the interim human resources assistant until mid-November, 2015, when

Phelan's employment began.

On January 12, 2016, Leonard filed a complaint with the commission, alleging that the plaintiff had violated General Statutes (Rev. to 2015) § 46a-60 (a) (1),[3] as well as General Statutes § 46a-58 (a),[4] due to a deprivation of her rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (2012) (ADA), and Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2 (2012).[5] The commission investigated Leonard's complaint and, upon finding reasonable cause that a discriminatory employment practice had occurred and that efforts to conciliate had failed, held a hearing pursuant to General Statutes § 46a-84. The two day hearing commenced on October 16, 2018. The referee issued a memorandum of decision on October 3, 2019, concluding that the plaintiff had unlawfully discriminated against Leonard, in violation of the ADA and § 46a-60 (a) (1), on the basis of her disability by failing to interview and promote her. The referee awarded Leonard $118,353.06 in back pay, as well as prejudgment and postjudgment interest, and $35,000 in emotional distress damages.

The plaintiff appealed to the trial court from the referee's decision, claiming, inter alia, that the referee improperly awarded Leonard back pay because there was no evidence to support Leonard's claim that she suffered a compensable injury. More specifically, the plaintiff argued that there was no evidence establishing that Leonard would have been selected for the position if she had been granted an interview, and, therefore, the back pay award was unduly speculative. Additionally, the plaintiff contended that the emotional distress damages awarded to Leonard were excessive under the facts of this case. The trial court dismissed the appeal and affirmed the decision, concluding that the referee's decision to award Leonard back pay was supported by substantial evidence and that the referee did not abuse her discretion in awarding Leonard emotional distress damages.[6] This appeal followed. Additional facts will be set forth as necessary.

I

On appeal, the plaintiff claims that the trial court improperly affirmed the commission's award of back pay to Leonard because it is based on speculation and is not supported by the evidentiary record. The plaintiff argues that there was no evidence or findings made by the referee to support the referee's conclusion that Leonard would have been selected for the position had she been interviewed, and, as a result, she was not entitled to receive a back pay award. The commission counters that the court correctly determined that the substantial evidence in the record supported the referee's conclusion that Leonard would have been promoted in the absence of the plaintiff's discriminatory action of not interviewing Leonard for the position. We agree with

the commission.

We first set forth the standard of review and legal principles that guide our resolution of the plaintiff's claim. "There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The [Uniform Administrative Procedure Act (UAPA)] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . . Judicial review of an administrative decision is governed by General Statutes § 4-183 (a) of the UAPA, which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the [S]uperior [C]ourt . . . ." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 442, 870 A.2d 448 (2005).

"Review of an appeal taken from the order of an administrative agency such as the [commission] is limited to determining whether the agency's findings are supported by substantial and competent evidence and whether the agency's decision exceeds its statutory authority or constitutes an abuse of discretion." *State* v. *Commission on Human Rights & Opportunities*, 211 Conn. 464, 477, 559 A.2d 1120 (1989). "[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . In determining whether an administrative finding is supported by substantial evidence, the reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness . . . ." (Citation omitted; internal quotation marks omitted.) *Slootskin* v. *Commission on Human Rights & Opportunities*, 72 Conn. App. 452, 458, 806 A.2d 87, cert. denied, 262 Conn. 910, 810 A.2d 275 (2002). "As with any administrative appeal, our role is not to reexamine the evidence presented to the [commission] or to substitute our judgment for the agency's expertise, but, rather, to determine whether there was substantial evidence to support its conclusions." (Internal quotation marks omitted.) *Lawrence* v. *Dept. of Energy & Environmental Protection*, 178 Conn. App. 615, 638, 176 A.3d 608 (2017). "If the decision of the agency is reasonably supported by the evidence in the record, it must be sustained." (Internal quotation marks omitted.) *Slootskin* v. *Commission on Human Rights & Opportunities*, supra, 459.

When a discriminatory employment practice has been established, the commission's referee must "construct a remedy for discrimination that will, so far as possible, eliminate the discriminatory effects of the past as well as bar like discrimination in the future." (Internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Board of Education*, 270 Conn. 665, 694, 855 A.2d 212 (2004). The referee is vested with

"broad discretion to award . . . back pay or other appropriate remedies specifically tailored to the particular discriminatory practices at issue." (Internal quotation marks omitted.) *Thames Talent, Ltd.* v. *Commission on Human Rights & Opportunities*, 265 Conn. 127, 136, 827 A.2d 659 (2003). This is so because the overriding remedial purpose of our antidiscrimination statutes is "to restore those wronged to their rightful economic status absent the effects of the unlawful discrimination." (Internal quotation marks omitted.) Id.

As an initial matter, we address the plaintiff's contention that the back pay award must be vacated because the referee never made explicit findings that Leonard would have been selected for the position if she had been granted an interview. The referee, however, determined that "Morgan's failure to interview *and hire* [Leonard] was motivated by discriminatory animus." (Emphasis added.) The referee noted in her decision that there was "persuasive evidence that [Leonard] was qualified for the . . . position" and found that the two employees who were ultimately hired did not have the bachelor's degrees preferred under the original job posting nor a human resources certificate. Moreover, the referee found that Leonard not only had performed all of the functions of the position but she also was the interim human resources assistant for nearly three months after Murray retired. Thus, the referee's decision makes clear that the back pay award was predicated on a finding that Leonard would have been promoted if not for the discriminatory act.

After thoroughly reviewing the record, we agree with the court that the referee's conclusion that, in the absence of the unlawful discrimination, Leonard would have been interviewed for *and* promoted to the human resources assistant position is supported by substantial evidence, and, therefore, the back pay award was appropriate. The referee reasonably concluded that, had Morgan not revised the minimum job qualifications for the position, Leonard likely would have been one of the two candidates selected to replace Murray. The referee found that Leonard had worked for the plaintiff for more than three years under the supervision and guidance of Murray, whose position was being filled. Murray encouraged Leonard to apply for his position, began training her on any duties she did not already perform, and participated in the candidate interviews. Both Murray and Tucker felt that Leonard was more than qualified for the position because she already had experience performing the precise duties required. Moreover, Leonard holds one of the preferred undergraduate degrees specified in the original job posting and had established relationships with personnel throughout the school district.

The plaintiff contends that the referee improperly marshaled the evidence in favor of finding that Leonard

was the obvious choice for the position because Leonard placed only seventh on the civil service examination list. The referee, however, found that being placed on the civil service examination list meant that the candidate was qualified for the position. The evidence supports this finding. Furthermore, there was substantial evidence in the record from which the referee could have concluded that, in the absence of the plaintiff's unlawful discrimination against her, Leonard would have been interviewed and hired for the position, notwithstanding her performance on the civil service examination. Although it is possible that Leonard may not have been selected if she had been granted an interview, the referee's decision to award back pay was not unduly speculative. See, e.g., *National Labor Relations Board* v. *Ferguson Electric Co.*, 242 F.3d 426, 431 (2d Cir. 2001) ("[m]ere [u]ncertainty . . . does not render a back pay award speculative, since [a] back pay award is only an approximation, necessitated by the employer's wrongful conduct" (internal quotation marks omitted)). In light of the remedial aims underlying our antidiscrimination laws and the substantial evidence in the record to support the referee's conclusion that Leonard would have been promoted in the absence of the discriminatory employment practice, the referee properly resolved any uncertainty in the present appeal in favor of Leonard. See, e.g., *Equal Employment Opportunity Commission* v. *Joint Apprenticeship Committee*, 164 F.3d 89, 100 (2d Cir. 1998).

We conclude that the referee's findings were supported by substantial evidence and the commission therefore did not abuse its discretion in awarding Leonard back pay. Consequently, the trial court properly dismissed the plaintiff's administrative appeal and affirmed the commission's decision with respect to this claim.

II

We next turn to the plaintiff's second claim. On appeal to the trial court, the plaintiff asserted that the commission's award of emotional distress damages was excessive when compared to the commission's prior decisions and under the facts of the present case. On appeal to this court, however, the plaintiff has abandoned that claim and, instead, argues that the award of emotional distress damages was improper because the commission is not statutorily authorized to award compensatory damages pursuant to § 46a-58 in employment discrimination cases that fall within the scope of § 46a-60. We decline to address the merits of this claim because it is unpreserved.

As a general matter, "[t]his court will not review issues of law that are raised for the first time on appeal." (Internal quotation marks omitted.) *Matto* v. *Dermatopathology Associates of New York*, 55 Conn. App. 592, 596, 739 A.2d 1284 (1999); see also Practice Book § 60-

5 (reviewing court not bound to consider claim unless it was distinctly raised at trial). "Our rules of practice concerning unraised claims also apply to appeals from administrative proceedings. . . . A party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the [agency]." (Citations omitted; internal quotation marks omitted.) *Bristol Board of Education* v. *State Board of Labor Relations*, 166 Conn. App. 287, 300, 142 A.3d 304 (2016). The failure to raise a claim at the time of the administrative hearing ordinarily precludes our review of that issue on appeal. See *Berka* v. *Middletown*, 205 Conn. App. 213, 218, 257 A.3d 384, cert. denied, 337 Conn. 910, 253 A.3d 44, cert. denied, U.S. , 142 S. Ct. 351, 211 L. Ed. 2d 186 (2021). But see *Burnham* v. *Administrator, Unemployment Compensation Act*, 184 Conn. 317, 322–23, 439 A.2d 1008 (1981).

Although the plaintiff participated fully in the administrative hearing and the commission requested that Leonard be awarded emotional distress damages, it did not claim in its posthearing brief that the commission exceeded its authority in awarding Leonard compensatory damages. The plaintiff similarly did not raise this claim on appeal to the trial court.[7] As a result, neither the referee nor the trial court addressed this claim.

On appeal to this court, the plaintiff acknowledges that this claim was not preserved. Nevertheless, it invites us to review its claim pursuant to our supervisory authority over the administration of justice; see, e.g., *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 150–52, 84 A.3d 840 (2014); if a similar legal issue is resolved in an appeal from *Connecticut Judicial Branch* v. *Gilbert*, Superior Court, judicial district of New Britain, Docket No. CV-18-6048927-S (October 15, 2019), which was pending in our Supreme Court at the time the instant appeal was briefed and argued in this court. Our Supreme Court has since issued its decision in that case. See *Connecticut Judicial Branch* v. *Gilbert*, 343 Conn. 90, A.3d (2022). We have reviewed that decision and are not persuaded that it warrants an exercise of our supervisory authority over the plaintiff's unpreserved claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The city of Waterbury has two separate and distinct human resources departments. The education personnel department supports the administrators and teachers within the city's school district. The civil service personnel department supports all of the city's civil service employees.

[2] In the fall of 2015, the education personnel department was restructured to implement the recommendations of a consulting firm that had conducted a staffing review of the department. As a result of that analysis, the department sought to reduce its administrative staff and also to increase the number of human resources professionals by hiring two individuals to replace Murray.

[3] General Statutes (Rev. to 2015) § 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section . . . (1) For an employer, by the employer or employer's agent . . . to refuse to

hire or employ . . . any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's . . . physical disability . . . ."

Hereinafter, all references to § 46a-60 in this opinion are to the 2015 revision of the statute.

[4] General Statutes § 46a-58 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the Constitution or laws of this state or of the United States, on account of . . . physical disability . . . ."

Section 46a-58 (a) was the subject of amendment after the filing of Leonard's complaint. See Public Acts 2017, No. 17-127, § 2. Because none of the changes is relevant to this appeal, for simplicity, we refer to the current revision of the statute.

[5] Leonard also alleged that the plaintiff violated § 46a-60 (a) (4), which provides that it is a discriminatory practice for an employer to discriminate against an employee for filing a complaint. It appears from the record that the commission and Leonard abandoned this claim.

[6] The plaintiff also challenged the referee's factual findings and conclusion that the plaintiff intentionally had discriminated against Leonard on the basis of her physical disability. Those issues were not raised on appeal to this court.

[7] In its appeal to the trial court from the commission's decision, the plaintiff summarily alleged as a ground for sustaining its appeal that the commission erroneously awarded emotional distress damages because that award is not authorized by statute. Nonetheless, the plaintiff did not address this claim in its brief or at oral argument before the trial court.